

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 8, 1953

Hon. Riley Eugene Fletcher
County Attorney
Navarro County
Corsicana, Texas

Opinion No. S-27

Re: Authority of the com-
missioners' court to
include adjacent rural
territory within the
election precincts for
a city of more than
10,000 inhabitants.

Dear Sir:

You have requested an opinion as to whether the Commissioners'
Court of Navarro County may include adjacent rural territory within any
of the election precincts established for the City of Corsicana, which has
a population in excess of 10,000 inhabitants and is divided into five wards.
In your brief you have reached the conclusion that the court may not do so.
We agree with this conclusion.

Section 13 of the Texas Election Code (Vernon's Election Code,
Art. 2.05) provides:

"The commissioners court, in establishing new election
precincts, shall divide any city or town into as many election
precincts as they may see proper, none of which shall have
resident therein more than two thousand (2,000) voters as
ascertained by the vote of the preceding general city or town
election. Every ward in every incorporated city, town or
village shall constitute an election precinct, unless there
shall have been cast in said ward, at the last general city or
town election held therein, more than two thousand (2,000)
votes. Cities and towns, and towns and villages incorporated
under the general laws shall not necessarily constitute elec-
tion precincts. No precinct shall be made out of parts of two
(2) wards. This Section shall not apply to cities, towns and
villages of less than ten thousand (10,000) inhabitants; and,
in such cities, towns and villages, the justice precincts in
which said cities, towns and villages are situated may be di-
vided into election precincts without regard to the wards of
such cities, towns and villages, and without reference to the
number of votes to be cast."

This statute requires that each ward in a city of 10,000 or more
inhabitants constitute a separate, distinct election precinct or precincts,
and it would not be proper for the commissioners' court to include either

incorporated or unincorporated territory outside the ward within any of the precincts into which a particular ward is divided. While the inclusion of other territory would not necessarily invalidate elections held in accordance with the improperly formed precincts [Davis v. State ex rel. Wren, 75 Tex. 420, 12 S.W. 957 (1889); Bell v. Faulkner, 84 Tex. 187, 19 S.W. 480 (1892); Ex parte White, 33 Tex. Crim. 594, 28 S.W. 542 (1894)], nevertheless the commissioners' court is under a duty to observe the statutory requirements and should not knowingly disregard them.

## SUMMARY

The commissioners' court should not include adjacent rural territory within the election precincts established in the wards of a city having 10,000 or more inhabitants.

APPROVED:

C. K. Richards
Reviewer

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant